NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOSE EFRAIN BARRERA-CRUZ,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 10-72731

Agency No. A073-218-308

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted September 1, 2011
Seattle, Washington

Before: HAWKINS, BEA, and MURGUIA, Circuit Judges.

Jose Efrain Barrera-Cruz ("Cruz") petitions for review of the Board of

Immigration Appeals' (BIA) affirmance of the Immigration Judge's denial of relief

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

based on an adverse credibility finding against Cruz. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny Cruz's petition for review.[1]

While "minor" inconsistencies which reveal nothing about an asylum applicant's fear for his safety are not an adequate basis for an adverse credibility finding, inconsistencies regarding events that "form the basis" of the asylum claim are sufficient to support an adverse credibility determination. *See Zamanov v. Holder*, __ F.3d __, 2011 WL 1651231 at *3 (9th Cir. April 29, 2011).[2] Here, there were major inconsistencies between Cruz's 1994 asylum application and 2006 asylum interview—in both of which he claimed fear of persecution by guerrillas—and his 2008 Supplemental Asylum Declaration and 2008 testimony—in both of which he claimed fear of persecution based on his sexual orientation. The BIA addressed and reasonably rejected Cruz's explanation for these inconsistencies. *See, e.g.*, *Soto-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). Moreover, there were inconsistencies *within* Cruz's new claim: (1)

---

[1] The parties are familiar with the facts of the case, so we repeat them here only to the extent necessary to explain our decision.

[2] The REAL ID Act, passed in 2005, changed the standard governing adverse credibility determinations; "inconsistencies no longer need to 'go to the heart' of the petitioner's claim to form the basis of an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Cruz, like the petitioner in *Zamonov*, filed his asylum application prior to May 11, 2005. 2011 WL 1651231, at *4 n.2. Thus, Cruz's case is governed by pre-REAL ID case law. *See Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009).

Cruz testified inconsistently on the frequency of his beatings in El Salvador; (2) Cruz testified that he was 17 years old when he left El Salvador in 1992 and 36 years old—not 33—at the time of his 2008 hearing; and (3) Cruz admitted that he lied to an examining doctor about his alcohol abuse. These inconsistencies are sufficient to support the BIA's adverse credibility finding. *See Zamanov*, 2011 WL 1651231, at *3–4 (denying a petition for review because the BIA's adverse credibility finding was supported by inconsistencies about the quantity of beatings alleged by the petitioner).

**PETITION DENIED.**